## Martin Smith v. The State.

No. 9259.  Delivered November 25, 1925.

Rehearing denied February 3, 1926.

1.—Transporting Intoxicating Liquor—Bills of Exception—Practice in Trial Court.

Numerous papers, endorsed as bills of exception, and one endorsed as a motion in arrest of judgment appear in this record. They are directed in the main to the overruling of the motion for a new trial, and not to any errors of commission or omission occurring during the progress of the trial. They present nothing under our rules of practice that can be considered by this court.

**2.—Same—Evidence—Held, Sufficient.**

The fact that an officer proposed to buy whiskey from appellant and was with him in the automobile when the offense was committed, does not render the testimony insufficient. The transportation was clearly established and not denied by appellant, and his motion for rehearing is overruled.

Appeal from the District Court of Shelby County. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

D. R. Taylor, of Center, and J. R. Bogard, of San Augustine, for appellant.

Sam D. Stinson, State's Attorney, and Nat Gentry, Jr., Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Shelby County for the offense of transporting liquor and his punishment assessed at confinement in the penitentiary for a term of three years.

There is found in the record what appellant claims is a motion in arrest of judgment which contains some ten different complaints at various actions of the court, same ranging all the way from criticisms of the court's charge to the jury to the failure of the jury to take sufficient time to deliberate on the case. This identical paper is also found in the record and called defendant's motion for a new trial. None of the complaints set out in either of said papers are based on bills of exception taken during the trial to the court's action in receiving or excluding testimony or to his action in giving or refusing any charges to the jury. There are some five bills of exception shown, however, but these bills do no more than to take up the separate paragraphs of the motion for a new trial and complain at the court's action in overruling the same.

Under this state of the record, we are forced to conclude that there is nothing before us calling for a reversal of the case.

We have examined the statement of facts very carefully and while we do not commend the practice of the peace officers in going to appellant's home at night and encouraging and soliciting him to violate the law, yet under the facts disclosed

by the record, we cannot do otherwise than hold that the testimony is sufficient to show an unlawful transportation of intoxicating liquor.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*


The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is insisted in appellant's motion that his transportation was instigated by officers and that for such reason his conviction should not be upheld. The testimony of the State shows that a deputy sheriff went to appellant to know if he could let him have any whiskey and appellant told the officer that he knew where he could get some, and made arrangement to go with him on a certain date. Later the officer went back and appellant got in the car with the officer and drove to a point where they procured liquor. While on their way to this point appellant took out of his pocket a bottle of whiskey. Apparently for his transportation of this bottle this conviction was had. It was in evidence that upon appellant's premises on the occasion in question were found a large number of bottles and containers manifesting the presence of small quantities of liquor. We have no doubt of the correctness of the verdict of the jury or of the opinion of this court already handed down.

The motion for rehearing will be overruled.

*Overruled.*